IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PARKER MICHAEL KNIGHT,                    3:13-CV-01349-BR

        Plaintiff,                     OPINION AND ORDER

v.

U.S. DEPARTMENT OF VETERANS
AFFAIRS,

        Defendant.


PARKER MICHAEL KNIGHT
45 S.E. 196th Avenue
Portland, OR 97233
(971) 400-4609

        Plaintiff, *Pro Se*

S. AMANDA MARSHALL
United States Attorney
JAMES E. COX, JR.
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Defendants


1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Defendant's Motion (#4) to Dismiss.  For the reasons that follow, the Court **GRANTS** Defendant's Motion.


### BACKGROUND

On August 6, 2013, Plaintiff filed a *pro se* complaint in Multnomah County Circuit Court in which he alleges Defendant

> [p]osted a job announcement on USAJOBS.GOV. . . .
> VA was received [Plaintiff's] information from
> USAJOBS.GOV and cancelled job posting over 50
> times. . . .  When submitting application to VA,
> petitioner uses VRE special hiring authority, and
> veteran's federal hiring preference letter with 10
> points and DD- 214 which exposes Veteran
> Petitioner is disabled person that require
> accommodation required from ADA 1991.
>
>             * * *
>
> Recently, Petitioner filed two positions exactly
> same title and pay rate and same locations, with
> one exception.  One job was Competitive and other
> was non-competitive.  For competitive job,
> USAJOBS.gov stated on application status, Disabled
> Veteran Petitioner as being "application received"
> and other "Minimum qualification not met."  Both
> job received same application related forms and
> resume.  Both positions were not sending
> Petitioner any notifications afterward being
> applications received status.

Compl. at ¶ II.

Plaintiff alleges he "feel[s] [an] American Disability Act . . . violation has occurred based on [his] disability, race, and age."  Plaintiff also alleges the following in Counts I through

III:

>Defendant and or his agents willfully, maliciously and intentionally inflicted emotional distress upon the Plaintiff.

>* * *

>Defendant and or his agents have intentional[ly], maliciously, and without just cause, slandered the Plaintiff's names, business and reputation[] in the community by making knowingly false, malicious and intentional statements about the Plaintiff, Plaintiff's family, and the Plaintiff's business.

>* * *

>Defendant and or [its] agents have intentionally, maliciously and without just cause, engaged in deceitful business practices and malicious and intentional fraud that were calculated to harm the Plaintiff[] and [his] business.

Compl. at ¶¶ III-V.

On August 6, 2013, Defendant removed the matter to this Court as an agency of the United States government pursuant to 28 U.S.C. § 1442(a)(1).

On August 28, 2013, Defendant filed a Motion to Dismiss on the grounds that the Court lacks subject-matter jurisdiction and Plaintiff failed to state a claim.  The Court took Defendant's Motion under advisement on October 3, 2013.


## STANDARDS

I.   **Dismissal for lack of jurisdiction pursuant to Rule 12(b)(1)**

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner*, 359 F. App'x

726, 728 (9th cir. 2009). *See also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Rivas v. Napolitano*, 714 F.3d 1108, 1114 n.1 (9th Cir. 2013). The court may permit discovery to determine whether it has jurisdiction. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). When a defendant's motion to dismiss for lack of jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)(citation omitted).

## II. Dismissal for failure to state a claim pursuant to Rule 12(b)(6)

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*,] 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a

4 - OPINION AND ORDER

> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'"  *Id.* at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic*, 550 U.S. at 555-56.  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the Court has an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  *Akhtar v. Mesa*, 698 F.3d at 1212 (quotation omitted).  "[B]efore dismissing a *pro se* complaint the . . . court must provide the litigant with notice of the deficiencies

in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quotation omitted). "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (quotation omitted).

## DISCUSSION

### I.  Dismissal for lack of subject-matter jurisdiction

The government moves to dismiss Plaintiff's claims for slander, intentional infliction of emotional distress (IIED), and fraud on the ground that this Court lacks subject-matter jurisdiction because Plaintiff has not alleged he exhausted his administrative remedies and the Federal Tort Claims Act (FTCA) does not waive sovereign immunity for intentional torts.  The government also moves to dismiss Plaintiff's Americans with Disabilities Act (ADA) claim on the ground that this Court lacks subject-matter jurisdiction because Plaintiff has not alleged he filed an EEO claim with the Department of Veterans Affairs (VA).

#### A.  Exhaustion of tort claims

The FTCA, 28 U.S.C. § 2671, *et seq.*, provides the exclusive remedy for monetary damages from the federal government for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). In addition, 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The claim-presentation requirement is "'jurisdictional in nature and may not be waived.'" *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006).

Plaintiff does not allege in his Complaint that he filed an administrative tort claim with the VA or that the VA denied in writing any administrative tort claim brought by Plaintiff. Plaintiff, therefore, has not alleged facts sufficient to establish that he provided tort-claims notice to Defendant as required by the FTCA. Accordingly, the Court grants the government's Motion to Dismiss Plaintiff's claims for

slander, IIED, and fraud.

   **B.    Sovereign immunity related to tort claims**

        The government contends even if Plaintiff exhausted his administrative remedies, his claims for IIED, slander, and fraud are barred by the doctrine of sovereign immunity.

        Under the Eleventh Amendment the sovereign is immune to claims against it by its citizens. U.S. Const. amend XI. *See also Tennessee v. Lane,* 541 U.S. 509, 517 (2004). Congress, however, may abrogate a state's sovereign immunity under certain circumstances or, as with other constitutional rights, a state may voluntarily waive its right to immunity. *See Lane v. Pena,* 518 U.S. 187, 192-98 (1996). *See also Quantum Prod. Serv., LLC v. Austin,* 448 F. App'x 755, 756 (9th Cir. 2011)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

        The test for waiver of sovereign immunity is a "stringent one." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 675-78 (1999)(quotation omitted). Sovereign immunity may not be impliedly or constructively waived, and courts must "indulge every reasonable presumption against waiver." *Id.* at 678-82 (waivers of sovereign immunity must be "unmistakably clear"). Any ambiguity in the waiver of sovereign immunity must be construed in favor of immunity. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 34

(1992).

Although Congress specifically waived the United
States' sovereign immunity for certain claims in the FTCA,
§ 2680(h) of the FTCA exempts "[a]ny claim arising out of
assault, battery, false imprisonment, false arrest, malicious
prosecution, abuse of process, libel, slander, misrepresentation,
deceit, or interference with contract rights" from the waiver of
sovereign immunity.  Congress, therefore, has not waived
sovereign immunity as to claims for slander and fraud like those
brought by Plaintiff against the VA.

Accordingly, the Court grants Defendant's Motion to
Dismiss Plaintiff's claims against Defendant for IIED, slander,
and fraud without leave to amend because those claims are barred
by the doctrine of sovereign immunity.

C.    **Exhaustion of ADA claim**

The government moves to dismiss Plaintiff's ADA claim
on the grounds that this Court lacks subject-matter jurisdiction
because Plaintiff has not alleged he filed an EEO claim with the
VA.

"'Prior to instituting a court action under Title VII,
a plaintiff alleging discrimination in federal employment must
proceed before the agency charged with discrimination.  42 U.S.C.
§ 2000e-16(c).'"  *Diefenderfer v. LaHood*, No. C08-958Z, 2009 WL
2475083, at *3 (W.D. Wash. Aug. 10, 2009)(quoting *Bayer v. United*

9 - OPINION AND ORDER

*States Dep't of Treasury*, 956 F.2d 330, 332 (D.C. Cir. 1992)).
*See also* Vines v. Gates, 577 F. Supp. 2d 242, 254 (D.D.C. 2008)
(same); *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832-33 (1976)
("[A]n aggrieved employee [has the right to] file a civil action
in a federal district court to review his claim of employment
discrimination. Attached to that right, however, are certain
preconditions. Initially, the complainant must seek relief in
the agency that has allegedly discriminated against him. He then
may seek further administrative review with the Civil Service
Commission or, alternatively, he may . . . file suit in federal
district court without appealing to the Civil Service
Commission."); 42 U.S.C. § 2000e-16(c) ("Within 90 days of receipt
of notice of [alleged discriminatory action] by a department
. . . or after one hundred and eighty days from the filing of the
initial charge with the department . . . an . . . applicant for
employment . . . may file a civil action.").

In his Response Plaintiff alleges he "sent out several
EEOC Complaint letters via email to EEOC of VA . . . and . . .
asked EEOC department of VA to initiate EEOC." Although it is
not completely clear, it appears Plaintiff has copied into his
Response an email that he sent to an unknown recipient on
August 30, 2013, in which he states:

> Hello I am filing EEOC Complaint. You know the
> drill. [S]et me up with EEOC Counselor and send
> me tons of papers to look at and sign and pair me
> with informal EEOC Counselor who will put down

> EEOC complaint forms and at the end of the period
> of investigations I will continue to ask for ADR
> option and you may deny it or send me final EEOC
> letter in which I will file within 10 business
> days FORMAL EEOC Complaint and also at the same
> time file Federal Lawsuit where Jim Cox will be
> defense attorney for VA, federal agency in
> Portland Oregon.
>
> I've been discriminated for job position which
> says US CITIZENS no prior federal experience is
> required.

Resp. at 3.  The August 30, 2012, email also lists several

positions posted by Defendant that appear to form the basis for

Plaintiff's discrimination complaint(s) to the Department of

Veterans Affairs.

Under the liberal pleading standards afforded to *pro se*

litigants, Plaintiff may be able to plead exhaustion of his

administrative remedies related to his claim for violation of the

ADA.  The Court, therefore, declines to grant the government's

Motion to Dismiss Plaintiff's claim for violation of the ADA on

the basis of failure to exhaust.

**II.  Dismissal for failure to state a claim**

As noted, Plaintiff alleges Defendant violated the ADA, 42

U.S.C. § 12112, *et seq.*, "based on [Plaintiff's] disability,

race, and age."  Defendant moves to dismiss any employment-

discrimination claim alleged by Plaintiff on the ground that

Plaintiff fails to state a claim for violation of any employment-

discrimination statute.

11 - OPINION AND ORDER

A.    **Plaintiff's ADA claim**

Title I of the ADA ensures fair opportunities in the workplace for qualified individuals with disabilities by prohibiting discrimination against those individuals and by requiring employers to reasonably accommodate their disabilities. 42 U.S.C. § 12112. *See also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 477-78 (1999). The ADA provides in pertinent part:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). To state a *prima facie* case of discrimination under the ADA, a plaintiff must allege he is a qualified individual with a disability and that his employer discriminated against him because of his disability. *Sanders v. Arneson Prod., Inc.*, 91 F.3d 1351, 1353 (9th Cir. 1996).

An individual is disabled within the meaning of the ADA if he has "a physical or mental impairment that substantially limits one or more of [his] major life activities" or if his employer regards him "as having such an impairment." 42 U.S.C. § 12102(2)(A), (C). The Supreme Court held the term disability should be strictly interpreted "to create a demanding standard for qualifying as disabled" and in order for an individual "to be substantially limited in performing manual tasks, [that]

12 - OPINION AND ORDER

individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg. Ky. Inc. v. Williams*, 534 U.S. 184, 197-98 (2002). The term "discriminate" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A).

"As with discrimination cases generally, a plaintiff in an ADA case at all times bears the ultimate burden of establishing . . . he has been the victim of illegal discrimination based on his disability." *Gomez v. Am. Bldg. Maint.*, 940 F. Supp. 255, 257 (N.D. Cal. 1996)(citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)).

Plaintiff does not allege in his Complaint or in his Response that he suffers from a physical or mental impairment that substantially limits one or more of [his] major life activities nor does he identify any of his alleged impairments. Moreover, Plaintiff does not allege Defendant discriminated against him because of a disability. Plaintiff also fails to identify in his Complaint any specific acts of discrimination that Defendant engaged in related to his alleged disabilities.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's ADA claim for failure to state a claim.

**B.    Plaintiff's claim for age discrimination**

Plaintiff appears to intend to allege a claim for discrimination based on age even though Plaintiff's Complaint does not contain any allegations regarding Defendants' actions related to Plaintiff's age.

To state a claim for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, a plaintiff

> must demonstrate that [he] is (1) at least forty years old, (2) performed [his] job satisfactorily, (3) was discharged, and (4) either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise "giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008)(quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)).

*Swan v. Bank of Am.*, No. 08-16889, 2009 WL 5184129, at *1 (9th Cir. Dec. 30, 2009). Plaintiff fails to allege in his Complaint that he was terminated, that he was at least forty years old at the time of his termination, that he was replaced by a substantially younger employee, or any other circumstances that might give rise to an inference of discrimination based on his age.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim of age discrimination.

14 - OPINION AND ORDER

## C.   Plaintiff's claim for race discrimination

To the extent that Plaintiff intends to allege a claim for race discrimination despite the fact that his Complaint does not contain any allegations regarding Defendant's actions related to Plaintiff's race, Plaintiff fails to state a claim.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  42 U.S.C. § 2000e-2(a)(1). "A person suffers disparate treatment in his employment 'when he . . . is singled out and treated less favorably than others similarly situated on account of race.'"  *Cornwell v. Electra Cent. Cred. Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)(quoting *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir. 2004)).

To establish a *prima facie* case under Title VII, a plaintiff must establish (1) he belongs to a class of persons protected by Title VII, (2) he performed his job satisfactorily, (3) he suffered an adverse employment action, and (4) his employer treated him differently than similarly-situated employees who do not belong to the same protected class as the plaintiff.  *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Plaintiff does not allege in his Complaint that he

15 - OPINION AND ORDER

belongs to a protected class, that he performed his job satisfactorily, or that he was treated differently from similarly-situated employees who are not in Plaintiff's protected class.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim for race discrimination.

### D.   Leave to amend

The Ninth Circuit has made clear that when a *pro se* plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'"  *Ramirez*, 334 F.3d at 861 (quoting *Lopez*, 203 F.3d at 1130).  Because Plaintiff may be able to cure the deficiencies in his claims for disability, age, and/or race discrimination, the Court dismisses these claims without prejudice and with leave for Plaintiff to file an Amended Complaint to cure the deficiencies set out in this Opinion.

As noted, however, Plaintiff's claims for IIED, slander, and fraud are dismissed with prejudice and without leave to amend based on the doctrine of sovereign immunity.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss; **DISMISSES** Plaintiff's claims for IIED, slander, and fraud **with prejudice**; and **DISMISSES** Plaintiff's claim(s) for

16 - OPINION AND ORDER

disability, age, and/or race discrimination **without prejudice.**

Plaintiff may file an amended complaint **no later than**
**December 2, 2013,** to cure the deficiencies noted above solely as
to Plaintiff's claim(s) for disability, age, and/or race
discrimination.  The Court advises Plaintiff that failure to file
an amended complaint and to cure the specified deficiencies by
December 2, 2013, shall result in dismissal of this matter with
prejudice.

IT IS SO ORDERED.

DATED this 8th day of November, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER